NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4329-15T4

ANCHORAGE POYNTE
CONDOMINIUM ASSOCIATION,
INC.,

 Plaintiff-Respondent,

v.

CHRISTOPHER DI CRISTO and
PATRICIA DI CRISTO,

 Defendants-Appellants.
_____________________________

 Argued August 1, 2017 – Decided August 17, 2017

 Before Judges O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Docket No. L-
 1315-13.

 David A. Kasen argued the cause for appellants
 (Kasen & Kasen, attorneys; Mr. Kasen, on the
 briefs).

 Richard M. Kitrick argued the cause for
 respondent.

PER CURIAM
 Defendants Christopher and Patricia DiCristo appeal from an

April 29, 2016 order denying defendants' motion to vacate an April

4, 2016 judgment in favor of plaintiff and dismissing their

counterclaim. For the reasons that follow, we affirm.

 On July 8, 2005, defendants purchased a condominium with a

boat slip in Anchorage Cove, LLC, a development known as Anchorage

Poynte Condominiums. Defendants stopped paying their association

dues when their unit went into foreclosure. Plaintiff sued

defendants for failure to pay these dues and counsel fees, filing

a complaint on March 13, 2013. Defendant Christopher, then self-

represented, filed an answer on June 14, 2013.1

 Plaintiff moved for summary judgment, which was entered by

the court on August 27, 2014. However, on August 15, 2013,

defendants filed a Chapter 11 petition in the United States

Bankruptcy Court, staying the suit in Superior Court; therefore,

the August 27 judgment was vacated. The Bankruptcy Court dismissed

the Chapter 11 case on October 24, 2014, and plaintiff moved to

reinstate its complaint and enter summary judgment for $52,456.89

1
 We use defendant's first names to differentiate them, as they
have the same last name. We do not intend any disrespect by this
informality.

 2 A-4329-15T4
against defendants.2 Defendants opposed the motion. On January

26, 2015, the motion judge reinstated the complaint, and instructed

defendants to file an answer bearing both their signatures and

plaintiff to refile the summary judgment motion in accordance with

the court rules. Defendants filed an answer and counterclaim on

February 17, 2015, and the parties engaged in discovery.

 After plaintiff refiled for summary judgment, three hearings

were conducted. At the first hearing, on February 5, 2016, the

motion judge heard argument from plaintiff's counsel and defendant

Christopher, pro se. Defendant argued, pursuant to the master

deed and by-laws of the condominium association, he was no longer

obligated to pay accrued fees and assessments because title was

transferred after the foreclosure proceeding. The court permitted

defendant thirty days to retain an attorney, rescheduled the motion

for oral argument, and carried the matter until March 18, 2016.

On March 18 the motion judge resumed the matter, noting defendant

did not appear despite notice sent by the court.

 The motion judge reviewed the papers submitted and found no

material factual issues in dispute regarding plaintiff's complaint

and entered judgment for plaintiff in the amount of $52,456.89.

2
 Plaintiff moved for summary judgment against Christopher and
for the entry of default against Patricia, who did not file an
answer.

 3 A-4329-15T4
The motion judge dismissed defendants' counterclaim because they

had not provided sufficient responses to plaintiff's discovery

requests to ascertain the factual basis for the conclusory

statements in the counterclaim. The judge entered the order on

April 4, 2016.

 Thereafter, defendant Christopher, pro se, moved under Rule

4:50 to reinstate his counterclaim and vacate the April 4, 2016

judgment. At the third hearing, held on April 29, 2016, the motion

judge denied defendant's motion. This appeal followed.

 On appeal, defendant argues his pleadings should have been

held to a less stringent standard because he was self-represented,

the motion judge did not apply the required summary judgment

standard of giving all reasonable inference to the non-moving

party, and he is entitled to a set-off because plaintiff breached

its fiduciary duty to the association members. Defendant also

argues he raised genuine issues of material fact not addressed by

the motion judge and the judge did not make findings of fact and

conclusions of law as required by Rule 1:7-4 and Rule 4:46-2(c).

 At the outset, we note this appeal is from the denial of a

motion for relief from a judgment pursuant to Rule 4:50.

Defendant's motion did not specify specific grounds for relief,

but merely requested reinstatement of his counterclaim and

reconsideration of the judgment entered against him. At the April

 4 A-4329-15T4
29, 2016 hearing, the motion judge asked defendant "is there

anything new since the time that I made the decision that would

if presented alter the decision I previously made?"

 Defendant responded by expressing his general dissatisfaction

with the prior proceeding, the outcome, and the conduct of the

attorneys. Based upon the judge's review of the parties'

submissions and the responses provided at oral argument, the motion

judge found no basis to vacate the April 4, 2016 judgment,

predominately because defendant failed to identify the specific

basis to vacate the judgment under Rule 4:50. "It is within the

trial court's sound discretion, guided by equitable principles,

to decide whether relief should be granted pursuant to Rule 4:50-

1." In re Guardianship of J.N.H., 172 N.J. 440, 473 (2002) (citing

Housing Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

That decision "will be left undisturbed unless it represents a

clear abuse of discretion." Ibid.

 Moreover, defendants appeal only the denial of the April 29

2016 order and not the original order granting summary judgment.

See Fusco v. Bd. of Educ., 349 N.J. Super. 455, 461-62 (App. Div.)

(citing Pressler, Current N.J. Court Rules, cmt. 6 on R. 2:5-

1(f)(3)(i) (2002)) (explaining this court only considers judgments

and orders listed in a notice of appeal), certif. denied, 174 N.J.

 5 A-4329-15T4
544 (2002). Accordingly, we review for an abuse of discretion.

Ibid.

 We address each argument in turn. We recognize that the

United State Supreme Court has stated in Haines v. Kerner, 404 U.S

519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972), that

a self-represented litigant's pleadings are held to a less

stringent standard than an attorney's. However, self-represented

litigants are not entitled to greater rights than litigants who

are represented by counsel and are expected to adhere to the court

rules. Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982).

 Here, the motion judge accommodated defendants by permitting

the filing of an amended answer and counterclaim upon reinstatement

of the complaint after the lifting of the automatic stay.

Defendants' pleadings did not request a jury, asserted claims of

fraud generally without reference to the requirements of Rule 4:5-

8, and provided incomplete and unclear responses to discovery

requests. Moreover, defendants did not provide a response to

plaintiff's summary judgment motion that raised material questions

of fact.

 Notwithstanding defendants' initial response to plaintiff's

motion, the motion judge offered defendants an additional thirty

days to retain an attorney to address the motion. Defendants did

not appear on March 18, 2016, and the court was within its

 6 A-4329-15T4
discretion to enter judgment at that time. The motion judge made

findings after reviewing the documents submitted and entered an

order awarding judgment of $52,456.89 to plaintiff, and dismissed

the counterclaim because defendant did not provide the court with

anything other than generalized allegations of fraud and submitted

no documentation he suffered any damages.

 Our review of the record reveals the motion judge's enormous

patience with defendant Christopher as a self-represented

litigant. Although he argues his inartful pleadings should have

been held to a less stringent standard, defendant does not provide

any particular example of how his pleadings were either misread,

misconstrued, or misinterpreted. We discern no abuse of the

court's discretion or evidence defendant Christopher was unfairly

treated as a self-represented litigant.

 We reject defendants' argument the court did not give all

reasonably favorable inferences to defendants as required by Rule

4:46-2(c). They provide no examples of specific inferences

erroneously assigned by the motion judge.

 Defendants assert they are entitled to a set-off against

their obligation to pay dues and assessments to plaintiff pursuant

to The Glen, Section I Condo. Ass'n v. June, 344 N.J. Super. 371

(App. Div. 2001). We disagree because defendants provided no

proof of any damages and misreads Glen.

 7 A-4329-15T4
 In Glen, we concluded condominium unit owners are required

by law to pay their share of the common expenses. Id. at 376

(citing N.J.S.A. 46:8B-17). N.J.S.A. 46:8B-17 provides that "[a]

unit owner shall, by acceptance of title, be conclusively presumed

to have agreed to pay [her] proportionate share of common expenses

accruing while [she] is the owner of a unit." Additionally,

N.J.S.A. 46:8B-17 states "[n]o unit owner may exempt himself from

liability for his share of common expenses by waiver of the

enjoyment of the right to use any of the common elements or by

abandonment of his unit or otherwise." Furthermore, we have stated

the obligation to pay condominium fees is unconditional. Glen,

supra, 344 N.J. Super. at 376.

 In Glen, we also concluded a homeowners association's breach

of its duty of good faith and fair dealing by installing a lolly

column in defendant's driveway damaged defendant, but did not

relieve defendant of his obligation to pay fees and assessments.

In that matter, we remanded for a trial on the limited issue of

defendant's damages resulting from the actions of the homeowners

association denying access to his driveway, and we said those

damages would be a set-off against defendant's obligations to

common areas. Here, the motion judge determined defendants

established no claim for such damages and we find no error in that

determination.

 8 A-4329-15T4
 The motion judge addressed plaintiff's claim for fees and

costs at the February 5, 2016 hearing, asking defendant Christopher

if he had any defense to the claim he and his wife owed the amount

sought by plaintiff. His only argument was, pursuant to the

bylaws, he was no longer obligated to pay the association payments

as he had lost the property to foreclosure. The motion judge

stated he was granting summary judgment on unpaid dues, interest,

the assessment and attorneys fees, but offered to hold the amount

of the judgment in abeyance for twenty days in order for defendant

Christopher to submit a letter to the court opposing or disputing

any of the items. Defendant Christopher did not submit a written

objection.

 Regarding the motion to dismiss the counterclaim, the court

permitted defendant Christopher thirty days to retain an attorney

and told the parties to return on the second motion day in March.

Defendants did not appear.

 We also reject defendants' assertion their counterclaim and

defenses precluded entry of summary judgment in favor of plaintiff.

In opposition to plaintiff's motion, defendants did nothing more

than rely on unsupported allegations. The record does not include

a certification attesting to facts or referencing evidence in

support of specific defenses or counterclaims.

 9 A-4329-15T4
 Defendants were required to raise a genuine dispute of

material fact supported by the evidential materials submitted on

the motion. They could not rely on the allegations and denials

in their pleadings. See R. 4:46-5(a); Robbins v. Jersey City, 23

N.J. 229, 241 (1957)(noting where a prima facie claim warranting

summary judgment is established, the party opposing the motion

must "demonstrate by competent evidential material that a genuine

issue of fact exists").

 Defendants proffered no proof other than bald assertions

unsupported by, and in many instances contradicted by, the record.

Conclusory and self-serving assertions by defendants are

insufficient to overcome the plaintiff's motion. See Petersen v.

Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011).

 Any additional arguments raised in defendants' submissions

that have not been specifically addressed were found to lack

sufficient merit to warrant discussion in our written opinion. R.

2:11-3(e)(1)(E).

 Affirmed.

 10 A-4329-15T4