188 N.J. Super. 155 (1982)
457 A.2d 12
PHYLLIS H. RUBIN (NOW BIBER), PLAINTIFF-RESPONDENT,
v.
MICHAEL A. RUBIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1982.
Decided October 27, 1982.
*156 Before Judges PRESSLER and TRAUTWEIN.
Seymour Chase argued the cause for appellant (Chase & Chase, attorneys).
Edward S. Snyder argued the cause for respondent.
The opinion of the court was delivered by PRESSLER, J.A.D.
This is a post-judgment matrimonial cause. Defendant Michael Rubin appeals from an order of the Chancery Division denying his application for reconsideration of a prior order granting plaintiff Phyllis Rubin, on an ex parte basis, an increase in child support. We reverse and remand.
The parties were divorced by a judgment entered in December 1977, which incorporated the terms of their property settlement agreement. It appears that at the time the agreement was entered into, plaintiff was employed as a school teacher, earning considerably more than her husband, who was self-employed as a "consultant" and whose net earnings for calendar year 1976 had been stipulated to be $4,002. No provision was consequently made for alimony to the wife and, based on his modest income, his child support obligation was fixed at $25 weekly subject to the proviso that upon "improvement in the husband's financial circumstances" he would increase child support payments "to an extent satisfactory to the wife." In aid of the prospective increase the husband agreed to provide the wife, by May 1 of each year, with a copy of his income tax for the preceding year. It further appears that the husband failed to comply with the wife's subsequent requests for income tax data although he did on occasion give her some small additional sums for child support. She has since remarried and now resides with her new husband and the child in Rockland County. Defendant has in the interim maintained his paternal relationship with the child through regular visitation.
*157 This matter, the first post-judgment proceeding between the parties, was commenced by the wife's motion filed in May 1981 seeking an order requiring defendant to supply her with his prior years' income tax returns, retroactively increasing child support to $100 weekly, requiring him to reimburse her for all the expenses incurred by her since 1977 for the child's nursery and religious school attendance and awarding her costs and counsel fees on the motion. The motion was supported by the wife's certification arguing that although she did not know what the husband's annual income had been since 1976, his life style suggested a substantial increase over its then level.
The notice of motion was served upon the husband, who neither retained an attorney nor filed answering papers. He did, however, appear in court on the return day of the motion. As he explained in a subsequently filed certification:
I have never gone through this procedure before where a former wife asks for an increase. I thought I could come to Court and argue the motion, but when I arrived in Court, I found out then for the first time, that because I had not filed any papers in opposition, I could not even be heard. Quite frankly, I thought I could go into Court, speak to the other attorney and settle this matter before the Judge.
It appears that despite his offering of the foregoing explanation to the judge, it was nevertheless the judge's ruling that since no answering papers had been filed, the wife's motion would be considered as an ex parte motion. Accordingly, the judge entered an order, dated July 8, 1981, noting the ex parte status of the wife's motion and according her a variety of relief, including increasing child support to $100 retroactive to January 1, 1978; directing the husband to provide her with his prior tax returns as well as with an authorization enabling her to get his future returns directly from the Internal Revenue Service, and requiring the husband to pay the child's nursery and religious school expenses incurred since 1977.
Prior, however, to the entry of this order and, apparently promptly following his futile court appearance, the husband obtained counsel who filed a motion on his behalf on June 29, 1981, returnable July 17, 1981, requesting reargument of the *158 wife's original motion or, alternatively, a reduction of the anticipated $100 a week order. The husband also sought modification of the visitation schedule in order to afford him two full weekends monthly with the child rather than the agreed single weekend a month. That motion was supported by defendant's certification which addressed both procedural and substantive concerns and which also had annexed thereto his income tax returns showing for the years 1977 to 1980, inclusive, respective adjusted gross incomes of $9,982, $442, $26,464 and $27,356. The wife's disputatious answering certification did not challenge these income figures.
The return date of the husband's motion was apparently adjourned to August 14, 1981. On that date the judge commenced the proceedings by announcing that he was denying the application for reconsideration of his July 8 order without oral argument and that he would hear argument only on the question of the modified visitation schedule requested by the husband. Following this hearing he entered an order on September 11, 1981 denying reconsideration of the July order and denying modification of the provisions of the July order. The husband was granted his requested additional visitation subject to terms respecting the child's religious school attendance. He was also ordered to pay the wife's attorney a counsel fee in the amount of $510. It is from that order that defendant appeals.
It is our view that under the circumstances above recited, the trial judge mistakenly exercised his discretion in initially refusing to accord defendant a right to be heard, either orally or by filed papers, in opposition to plaintiff's original motion, and that he accordingly mistakenly exercised his discretion in refusing, by his denial of the reconsideration motion, to permit defendant a subsequent opportunity to be heard.
We are certainly cognizant of the requirement of R. 1:6-3 that answering papers on a motion be filed not later than eight days before the return date. We are also aware of the September 1981 amendment of R. 1:6-2(a) reinforcing that requirement *159 by providing that a motion shall be deemed uncontested unless responsive papers are timely filed. We nevertheless point out that those provisions are not only subject to the general relaxation rule, R. 1:1-2, but that they are, moreover, expressly relaxable pursuant to R. 1:6-3, which in no uncertain terms provides that answering papers must be served and filed "not later than 8 days before the return date unless the court permits them to be served at a later time." That permission should have been granted here.
We do not intend to suggest that pro se litigants are entitled to greater rights than are litigants who are represented. It is nevertheless fundamental that the court system is obliged to protect the procedural rights of all litigants and to accord procedural due process to all litigants. What constitutes due process varies with the circumstances of each case as well as with the individual situation of particular litigants. It is also axiomatic that pro se litigants are entitled to no less a degree of procedural solicitude than are represented litigants. It is apparent that if defendant had retained an attorney prior to the return date of the motion, an adjournment thereof would have been routinely afforded in order to permit him an opportunity to file answering papers. Defendant as a pro se litigant should have been afforded that same opportunity. When an unrepresented litigant appears in court pursuant to a notice of motion, reasonably expecting from the text of the notice that his procedural rights will be protected by his appearance in court on the noticed date, he is ordinarily owed the fulfillment of that expectation. Turning him away as was done here without any opportunity, either orally or in writing, to address the merits of the motion he opposed, constituted a denial of fundamental procedural due process which can only serve to bring the court system into disrepute, to cast doubt on the legitimacy of the judicial process and ultimately to disserve the litigating public.
Had defendant been fairly dealt with by being given an opportunity to file answering papers or to be heard orally, all *160 that would have ensued would have been a two-week delay in the disposition of plaintiff's nonemergent motion. Instead, over a year has now passed without a final determination of plaintiff's application on the merits. The resources, financial and otherwise, of the parties, their attorneys and the court system as a whole have been needlessly expended in the meantime. It was thus obviously and inexcusably unproductive and uneconomical to all of the legitimate interests here involved, both personal and institutional, for an appeal to have had to be taken here to rectify so clear a denial of procedural due process, particularly in view of the rectification opportunity afforded to the trial judge by way of the motion for reconsideration.
Relating these observations specifically to the matter before us, we note that when defendant appeared on the return date, it would have been entirely appropriate for the trial judge to have then required him to submit his income tax returns since it was his clear obligation to have done so. It was, however, under these circumstances inappropriate to order the substantive relief without those returns. We are dealing here with the support of a child. It may well be that the income tax returns would have indicated the propriety of defendant being ordered to pay more than the $100 a week child support requested by the wife based on her uninformed speculation as to what the defendant's income was. Hence, the child's interests may well have been adversely prejudiced by the precipitous action of the court. As it appears, that precipitous action, because of the retroactive provision, resulted in defendant's being ordered to pay $5,200 in child support for a year in which he earned $442.
We have heretofore expressed our appreciation for calendar clearance concerns. We express again our conviction that those objectives may not be pursued at the expense of the failure by the court system to perform its function of dispensing substantial justice on the merits.
The trial court, pending this appeal, stayed its orders subject to the proviso that defendant pay child support in the amount of *161 $100 a week. That seems to be a reasonable condition of the stay.
The matter is reversed and remanded for reconsideration of all applications made by the parties for affirmative relief. Pending further order of the trial judge, the stay shall be continued subject to the payment condition heretofore referred to. We do not retain jurisdiction.