ELIZABETH LUDWIG BELL, PLAINTIFF v. MICHAEL
BELL, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County
Family Part

Decided December 2, 1986.

*Maria Mancini La Fiandra,* for plaintiff.

*Judith Ball,* for defendant.

KRAFTE, J.S.C.

A question involving the interpretation of court rules which has repeatedly confronted this Court and is heretofore unanswered in any reported New Jersey decision, is raised on this motion seeking an award of *pendente lite* child support. Does the conjunctive use of *R.* 1:5-2, *R.* 1:5-4(b) and *R.* 1:6-3, as sometimes used in actual practice, deprive litigants of procedural due process by permitting an insufficient time for an opposing party to prepare and file a response prior to the return date of a motion?

A brief procedural review is in order. A motion seeking *pendente lite* support which was originally returnable August 29, 1986, and adjourned to October 10, 1986, was timely submitted to this Court by plaintiff's attorney. Subsequently, defendant's attorney *hand delivered* a cross-motion and affidavit to this Court on Friday, October 3, 1986, eight days prior to the return date as required by *R.* 1:6-3. However, on the same date, said papers were *mailed* to plaintiff's attorney, and were not received until Monday, October 6, 1986. Faced with a mere twenty-four hours to prepare a reply certification, plaintiff's attorney came before this Court to seek an adjournment in order to gain additional time to prepare a response.

Initially this Court proceeds under *R.* 1:6–3, which clearly establishes time limits to be followed in submitting motion papers. This Rule provides in part as follows:

... any opposing affidavits and cross-motions or objections filed pursuant to *R.* 1:6–2 shall be served and filed not later than eight days before the return date unless the Court permits them to be served at a later time. Answers and responses to any opposing affidavits and cross-motions shall be served and filed not later than four days before the return date unless the Court otherwise orders.

Moreover, an amendment to *R.* 1:6–2(a) reenforces the time requirements of *R.* 1:6–3 by providing that a motion shall be deemed uncontested unless responsive papers are timely filed.

In interpreting *R.* 1:6–3, this Court further considers the interplay of two additional rules. Pursuant to *R.* 1:5–2, service of papers upon an attorney may be made by mailing a copy to him at his office by ordinary mail. Further, under *R.* 1:5–4(b) service of motion papers by mail is complete upon the posting of the ordinary mail rather than upon its receipt.

An examination of the history of *R.* 1:6–3 reveals that the New Jersey Supreme Court contemplated the importance of allowing for a sufficient period of time to prepare and file reply papers in that it adopted an amendment effective September, 1979 which included the new requirement of a four day time period for responses to answering papers. Moreover, *R.* 1:6–3 gives the Court discretion in accepting responsive papers at a later time thereby indicating that our Supreme Court permits an enlargement of the time authorized by the Rule where failure to do so would deprive a litigant of procedural due process.

With regard to the enlargement of time authorized by *R.* 1:6–3, the Appellate Division in *Rubin v. Rubin,* 188 *N.J.Super.* 155 (1982) held that the trial judge mistakenly exercised discretion in refusing to allow the appellant the right to be heard orally or on the papers in opposition to his wife's motion as he had not timely filed answering papers to his wife's motion. The Court in *Rubin* concluded as follows:

Turning him (appellant) away as was done here without any opportunity, either orally or in writing, to address the merits of the motion he opposed, constituted a denial of fundamental procedural due process which can only serve to bring the court system into disrepute, to cast doubt on the legitimacy of the judicial process and ultimately to disserve the litigating public. *Id.* at 159.

Thus, the Court recognized that the dictates of procedural due process require that a litigant have the opportunity to prepare and respond prior to the time that his interests are affected by a judicial determination.

*R.* 1:6–3 appears to be technically unambiguous on its face in that it provides for a specific and adequate time period for responding to answering papers. However, when considered in conjunction with *R.* 1:5–2 and *R.* 1:5–4(b), the aforementioned rule, in practice, often provides the opposing party with a loophole which can be used to gain an inequitable advantage. By hand delivering papers to the Court and at the same time mailing papers to his adversary, an attorney can effectively limit the time to respond to a mere twenty-four hours, providing the postal system promptly and efficiently delivers the afore-mentioned papers, which, we must recognize, is not always the case, in which event the adversary may be actually deprived of the right to respond. This Court finds that such a result is inequitable, unfair, unjust and not as contemplated by the Rules.

While this Court recognizes that *R.* 1:6–3 provides for judicial discretion in accepting untimely submitted papers, such discretion has become subject to repeated abuse by attorneys thereby undermining the purpose of the Rule, namely to establish adequate time limits for submitting papers associated with motions, in order for the court to make reasonable, rationale determinations based upon *all* of the facts. Moreover, routine-ly granting requests for adjournments to permit an adequate period to prepare a response serves to unnecessarily burden the Court's motion practice and constitutes a waste of time in terms of judicial economy. Therefore, this Court advocates strict adherence to the time limits set forth in *R.* 1:6–3 except under extraordinary circumstances.

Henceforth, this Court will not accept cross-motions and affidavits unless they are actually received by the opposing attorney on the same day they are filed with the Court, if such day is the last permissible day. This Court believes that the New Jersey Supreme Court intended the term "served" as it appears in *R.* 1:6–3 to mean "received" by the opposing attorney. Such an interpretation serves to cure any anticipated deprivation of procedural due process which results from blind reliance upon the basic language of *R.* 1:5–4(b) making service complete upon mailing. Such construction of said Rule complies with the mandates of due process and tenets of fundamental fairness by ensuring an adequate period of time to prepare a response as contemplated by our Supreme Court and by guaranteeing that neither party may acquire an unfair advantage by placing different interpretations on "filing" as opposed to "serving".

Stated succinctly, the time limitation parameters in motion practice shall apply equally to *filing* papers with the Court and to *serving* them upon opposing counsel.