**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3064-15T1

MICHAEL DEPIETRO,

    Plaintiff-Appellant,

v.

ALLSTATE INSURANCE CO., a/s/o
W2L, INC., MARK WERTHER COMPANY,

    Defendants,

and

AVIVA WERTHER,

    Defendant-Respondent.

_____

        Argued September 20, 2017 — Decided October 25, 2017

        Before Judges Fuentes, Koblitz and Suter.

        On appeal from the Superior Court of New
        Jersey, Law Division, Monmouth County, Docket
        No. L-3089-11.

        Michael DePietro, appellant, argued the cause
        pro se.

        John C. Prindiville argued the cause for
        respondent.

PER CURIAM

Plaintiff Michael DePietro was involved in an automobile accident with defendant Aviva Werther on July 13, 2009. Plaintiff filed a pro se complaint in 2011 and the matter first came to trial before a jury in 2014. Plaintiff represented himself at this trial. The jury returned a verdict on liability finding that plaintiff was twenty-five percent responsible for the accident and defendant seventy-five percent responsible. The trial judge granted defendant's motion for a new trial, finding the evidence did not support the jury's liability assessment. Plaintiff appealed and we affirmed the trial court's ruling. DePietro v. Allstate, Allstate a/s/o W2L, Inc., Mark Werther Company, and Aviva Werther, Docket No. A-1423-14 (App. Div. Oct. 26, 2015).

The case came for trial a second time on January 4, 2016. Judge Paul A. Kapalko presided over the three-day jury trial in which plaintiff was represented by counsel. After deliberating for one hour, the jury returned a verdict finding that plaintiff did not prove, by a preponderance of the evidence, that defendant was negligent in the manner that she drove her car at the time of the accident.

Pursuant to Rule 4:49-1(a), plaintiff's counsel filed a motion for a new trial, arguing that Judge Kapalko erred when he denied plaintiff's motion for a mistrial. Plaintiff's counsel claimed defense counsel improperly attempted to undermine the

jury's impartiality by questioning plaintiff about injuries he claimed to have sustained in an unrelated subsequent accident. According to plaintiff, defendant's counsel intentionally introduced this extraneous information during the trial to prejudice plaintiff in the eyes of the jurors, and to cast him as an overly litigious individual. In rejecting this argument, Judge Kapalko explained:

> Plaintiff argues that defense counsel's argument after the subsequent lawsuit was mentioned that [he] . . . did nothing improper as there is nothing prohibiting . . . mention[ing] . . . a subsequent lawsuit[,] proves that defense counsel mentioned the subsequent lawsuit purposely. The [c]ourt in its decision denying the mistrial never meant to suggest that defense counsel didn't knowingly speak the words that he did. Its point was to emphasize that counsel did not intend his colloquy with plaintiff to secure testimony about the filing of a subsequent lawsuit.
>
> It arose in a heated exchange between counsel and plaintiff to secure admission of a subsequent accident and injury, the denial of which by plaintiff was surprising to the [c]ourt, and given the evasiveness for the questions on cross-examination, to defense counsel as well.
>
> . . . .
>
> [T]he [c]ourt concludes that defense counsel's contention in this respect as it relates to whether it was proper to mention the lawsuit was incorrect. But it was limited to an attempt to argue that a mistrial . . . need not be declared in the present case, not to

> reinforce that it was proper for [him to] mention . . . the lawsuit in his questions. And that's an important distinction.

Ultimately, Judge Kapalko found that defendant's counsel's reference to the subsequent lawsuit was merely a fleeting event in the context of the trial and legally "insufficient to warrant a mistrial in this matter." After applying the relevant legal standards, Judge Kapalko denied plaintiff's motion for a new trial.

In this appeal, plaintiff submitted a pro se brief that failed to comply, in every respect, with the format required by Rule 2:6-2. The only thing we are able to discern from this document is that plaintiff does not agree with Judge Kapalko's legal ruling. Mere disagreement with the trial judge's ruling does not constitute grounds for appeal. An appellant must identify the legal errors upon which the appeal is based "under appropriate point headings[.]" R. 2:6-2(a)(6).

This court has made clear that self-represented litigants are not entitled to greater rights than litigants who are represented by counsel. Ridge at Back Brook, L.L.C. v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014) (citing Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982)). Pursuant to Rule 4:49-1(a), "[t]he trial judge shall grant the motion if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there

was a miscarriage of justice under the law."  The trial court's ruling denying a motion for a new trial will not be disturbed absent a showing of abuse of discretion.  <u>Dolan v. Sea Transfer Corp.</u>, 398 <u>N.J. Super.</u> 313, 330 (App. Div.), <u>certif. denied</u>, 195 <u>N.J.</u> 520 (2008).

Judge Kapalko's decision to deny plaintiff's motion tracks the relevant legal standard and is well-supported by the record developed before the jury.  We discern no legal grounds to disturb it.  The narrative presentation in plaintiff's brief does not comport with the rules of appellate practice and does not warrant further discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).  We affirm substantially for the reasons expressed by Judge Kapalko in his oral opinion delivered from the bench on March 4, 2016.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3064-15T1