**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2181-17T4

MARWA AYAD,

     Plaintiff-Appellant,

v.

ACCURA HOME INSPECTION,

     Defendant-Respondent,

and

BILL FOERSTER, HOA LEE,
and SHERRYL LEE,

     Defendants.

_____

Argued December 11, 2018 – Decided December 24, 2018

Before Judges Hoffman and Firko

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-016941-17.

Marwa Ayad, appellant, argued the cause pro se.

Joseph W. Denneler argued the cause for respondent (Salmon, Ricchezza, Singer & Turchi, LLP, attorneys; Joseph W. Denneler on the brief).

PER CURIAM

Plaintiff, Marwa Ayad, a self-represented litigant, appeals from an order entered by the trial court during a bench trial on December 12, 2017, which granted defendant Accura Home Inspection's motion to dismiss pursuant to Rule 4:37-2(b). We affirm substantially for the reasons expressed by Judge Robert H. Gardner in his well-reasoned oral opinion. These are the salient facts.

I.

This case involves the purchase of a residence by plaintiff from defendants, Hoa Lee and Sherryl Lee.[1] Plaintiff retained Accura to perform a home inspection prior to the closing that took place on June 29, 2016. In its report, Accura identified, amongst other things, evidence of water infiltration in the basement, and that the cost to remediate same would be $9000. Plaintiff's closing attorney, Ali D. Jaloudi, Esq., provided Accura's report to counsel for the sellers, Mark R. DiMaria, Esq. In a July 8, 2016 letter, Jaloudi pointed out ten issues of concern to plaintiff. Number eight read: "Regarding any and all leaks in [the] basement, laundry area, and attic - - buyers are seeking a credit

---

[1] The Lee and Foerster defendants were dismissed from the case prior to trial.

based on a contractor estimate for a cost of repair . . . ."  Negotiations ensued, and plaintiff[2] agreed to a global $6500 reduction in the purchase price that encompassed the entire punch list set forth in her attorney's letter.  During trial, plaintiff confirmed this fact.

Nonetheless, in July 2017, plaintiff filed this complaint seeking damages for breach of contract.  At trial, in response to a question by the judge, plaintiff testified that:  "the findings regarding the basement and laundry locations are inadequate and result in breach of the pre-inspection agreement.  I also believe that the findings misrepresented the condition of the premises and fall below the home inspection industry standard."  Plaintiff failed to produce an expert witness to opine as to any deviation from accepted home inspection industry standards as it pertained to Accura, or any competent evidence as to liability or damages.  The judge appropriately denied her application to move a so-called "report" from "Mid-Atlantic"[3] into evidence because it constituted inadmissible hearsay, was not authenticated, and was never produced in discovery.

---

[2]  At trial, plaintiff testified that her husband, who is not a party to this action, also agreed to the $6500 settlement figure during a telephone conference call with Mr. Lee.

[3]  The documents submitted in plaintiff's appendix refer to an agreement provided by Mid-Atlantic Waterproofing of NJ, Inc.  It is a contract to perform certain work at plaintiff's home.

At the close of plaintiff's case, counsel for Accura moved for an involuntary dismissal pursuant to Rule 4:37-2(b) which provides:

> (b) At Trial—Generally. After having completed the presentation of the evidence on all matters other than the matter of damages (if that is an issue), the plaintiff shall so announce to the court, and thereupon the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal of the action or of any claim on the ground that upon the facts and upon the law the plaintiff has shown no right to relief. Whether the action is tried with or without a jury, such motion shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor.

In reviewing a motion for involuntary dismissal pursuant to Rule 4:37-2(b), our task is to determine whether the evidence, along with its legitimate inferences, could have sustained a judgment in favor of the party opposing the motion. Dolson v. Anastasia, 55 N.J. 2, 5 (1969); Pressler & Verniero, Current N.J. Court Rules, cmt. 2.1 on R. 4:37-2(b) (2019). Neither the trial judge nor this court, as a reviewing court, are "concerned with the weight, worth, nature or extent of evidence, but must accept as true all [of] the evidence supporting the party opposing the motion, and accord him [or her] the benefit of all favorable inferences. Then, if reasonable minds could differ, the motion must be denied." Polyard v. Terry, 160 N.J. Super. 497, 505-06 (App. Div. 1978) (citing Dolson, 55 N.J. at 5). "A motion for involuntary dismissal only should

4

be granted where no rational [factfinder] could conclude that the plaintiff marshaled sufficient evidence to satisfy each prima facie element of a cause of action." Godfrey v. Princeton Theological Seminary, 196 N.J. 178, 197 (2008).

In Dolson, our Supreme Court held that under this rule, the court's role "is quite a mechanical one." Dolson, 55 N.J. at 5. Judge Gardner found that, "plaintiff has the burden of proof here to show more likely than not[,] [b]ut part of that burden also includes establishing what the home inspection history standard is." Giving plaintiff the benefit of all reasonable inferences following presentation of her case, the judge further held that with regard to the standard attributable to a home inspector, "[i]t has to be established by an expert." We agree.

## II.

On appeal, plaintiff presents the following arguments for our consideration:

> THE TRIAL COURT DISMISSED THE COMPLAINT BECAUSE AN EXPERT WITNESS WAS NOT PRESENT TO TESTIFY ON DECEMBER 12, 2017.
>
> PLAINTIFF IS APPEALING BECAUSE NEW EVIDENCE WHICH HAD NOT BEEN AVAILABLE ON OR BEFORE 12/12/2017 HAS BEEN MADE AVAILABLE NOW. TWO EXPERT WITNESSES ARE AVAILABLE TO TESTIFY AS TO THE BASEMENT'S PRE-EXISTING CONDITION.

A-2181-17T4

The two expert witnesses plaintiff seeks to produce post-trial are Michael Eagleson, a "senior" inspector, and Omar Elsherif, a professional engineer. She argues that these individuals can opine that there was a "breach of the standard" by Accura.

Specifically, plaintiff proposes that Eagleson and Elsherif would testify about the home having a pre-existing condition of "capillarity, efflorescence, cove leaks, vertical cracks, [] seepage damage to several walls in the basement, hydrostatic pressure of the basement floor, and improper waterproofing of the basement's exterior walls." Plaintiff asserts that this "new evidence" was not available prior to or at the time of trial.

In addressing expert testimony, Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." N.J.R.E. 702.

We are satisfied that expert testimony on these issues was required. A factfinder "should not be allowed to speculate without the aid of expert testimony in any area where lay persons could not be expected to have sufficient knowledge or experience." Biunno, Weissbard & Zegas, Current N.J. Rules of

Evidence, cmt. 1 on N.J.R.E. 702 (2018).  Simply stated, "expert testimony is required when the subject matter is so esoteric that jurors [or factfinders] of common judgment and experience cannot form a valid judgment."  Ibid.  Rule 703 requires that an expert's opinion be based upon "facts or data . . . perceived by or made known to the expert at or before the hearing."  Creanga v. Jardal, 185 N.J. 345, 360 (2005) (emphasis added) (quoting N.J.R.E. 703).

To establish a cause of action in negligence, a plaintiff must prove:  "(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) and injury to plaintiff proximately caused by defendant's breach."  Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997).  Generally, negligence is not presumed, and the burden of proving negligence rests on the plaintiff.  Rocco v. N.J. Transit Rail Operations, Inc., 330 N.J. Super. 320, 338 (App. Div. 2000).  Accordingly, plaintiff was required to prove that Accura failed to perform the home inspection in accordance with the standard of care required of home inspectors.

Plaintiff was also required to provide expert opinion prior to trial as to whether Accura was obligated to perform a more thorough inspection of the basement walls and floor, laundry area, improper waterproofing, cracks, and any other items she felt were at issue.  She failed to provide this guidance.  The only

document plaintiff attempted to move into evidence was an "agreement" from Mid-Atlantic, that is actually a contract outlining proposed work to be performed for "lower wall service," "sub-floor pressure relief system," installation of a "heavy duty submersible pump system," and drywall work. This is not an expert report. Moreover, the photographs offered by plaintiff standing alone were insufficient. "There still has to be some testimony in fact that [the conditions] pre-existed and for what period of time due to what was found with regard to those particular issues, none of which has been testified to here," as aptly noted by the judge. This does not satisfy Rule 702, and we agree with the trial judge that plaintiff offered no evidence that Accura failed to perform its inspection in accordance with home inspection standards.

Plaintiff was obligated to produce factual and expert information timely during the discovery process and ultimately at trial. She is not held to a less stringent standard because she is self-represented, and she must adhere to the court rules. Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982). Here, plaintiff proffered nothing other than her own bald assertions about Accura's alleged deficient performance. She was given the opportunity to fully develop her theories of liability and damages both during discovery and at trial. The judge made his decision on a proper record, and adjudicated the case on its

merits.  R. 4:37-2(d).  Res judicata prevents parties from re-litigating in a new proceeding any "claims or issues that have already been adjudicated." Velasquez v. Franz, 123 N.J. 498, 505 (1991).  The doctrine applies here.

We are also not persuaded that plaintiff has demonstrated newly discovered evidence.  In Accura's inspection report, highlighted in red ink, these defects were noted:

Heating – "The circulating pump seal is leaking and needs to be repaired."

Laundry – "The space above and below the tub (photos 2067 and 2068) show signs of past water leakage which might have come from the foundation wall."

Having possessed this report since July 2016, plaintiff failed to show anything newly discovered since the trial, or that with the exercise of due diligence, could not have been discoverable prior to trial.  See DEG, LLC v. Township of Fairfield, 198 N.J. 242, 264 (2009).  "[N]ewly discovered evidence must be material, must have been discovered since the former trial, must not have been discoverable in the exercise of due diligence, and must be such as would probably alter the judgment."  Aiello v. Myzie, 88 N.J. Super. 187, 196 (App. Div. 1965); see also R. 4:50-1.  There is no justification in this matter to afford plaintiff "another bite at the apple."

A-2181-17T4

Our disposition of the appeal makes it unnecessary to consider other arguments plaintiff has raised. We have determined that they have insufficient merit to warrant any additional discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2181-17T4