# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3384-17T2

PATRICK O'NEILL,

    Plaintiff-Appellant,

v.

THERESA O'NEILL,

    Defendant-Respondent.

_____

> Submitted February 6, 2019 – Decided March 22, 2019
>
> Before Judges Accurso and Moynihan.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FM-21-0311-16.
>
> Celli, Schlossberg, De Meo & Giusti, PC, attorneys for appellant (Alfonse A. De Meo, on the briefs).
>
> Margolin & Neuner, attorneys for respondent (Mona F. Ressaissi, on the brief).

PER CURIAM

Plaintiff Patrick J. O'Neill appeals from a post-judgment order entered on March 2, 2018. Because the record is clear plaintiff was not afforded the full period provided by R. 5:5-4(c) in which to respond to the motion, we reverse.

Defendant Theresa O'Neill, through counsel, filed a post-trial motion to enforce terms of the parties' 2017 marital settlement agreement. The 24-day motion was filed and served on counsel for plaintiff on Thursday, February 8, 2018, returnable on Friday, March 2. The Family Division, apparently failing to realize the motion was filed too late for the March 2 return date, see R. 5:5-4(c), calendared the motion for March 2.

Counsel for plaintiff wrote to the court on February 23, with the consent of defendant's counsel, requesting an adjournment of the motion "one cycle" to permit the filing of a response. The court wrote to both counsel the same day denying the adjournment, "[d]ue to the untimely nature of the request . . . submitted long after responsive papers were due." The court advised the motion would "be decided on the papers as unopposed on the presently scheduled return date of March 2, 2018." Plaintiff's counsel wrote again to the court that same afternoon requesting reconsideration in light of defendant's failure to file her motion by February 6 in order to secure a March 2 return date in accordance with the Rules. The court denied the request and entered the "unopposed" order

A-3384-17T2

on March 2, granting all the relief requested on the motion, including a counsel fee award.

Following the denial of his adjournment request, plaintiff's counsel filed a "cross-motion" on March 2, returnable March 16, seeking the denial of defendant's motion and affirmative relief relating to defendant's alleged failure to comply with the terms of the marital settlement agreement. Plaintiff's motion papers were returned to him unfiled as "out of time." Plaintiff thereafter filed a new motion seeking essentially the same relief, to which defendant filed opposition and a cross-motion.

By that time, however, plaintiff's request for a stay of the March 2 order had been denied, and he had filed a notice of appeal with this court. The trial court, determining it was without jurisdiction to hear the pending motions in light of the appeal, rejected both motions and returned them to the parties.

Thereafter, the Appellate Division clerk's office undertook a finality review of the case as "it appear[ed] that further proceedings [were] scheduled in the trial court," and thus the March 2 order might be an interlocutory order for which leave to appeal would be required. See R. 2:2-4; R. 2:5-6(a). Plaintiff's counsel responded to the inquiry from our clerk's office explaining that nothing further was pending in the trial court as it considered itself divested of

jurisdiction by the appeal. Defendant thereafter filed a motion to dismiss the appeal as interlocutory, which we denied. The parties thereafter filed their merits briefs, and the matter was placed on our February 6, 2019 waiver calendar.

We think it apparent from our rendition of this history that the March 2, 2018 order cannot stand. Defendant concedes, as she must, that she filed her motion too late for a March 2 return date. Although we have no doubt the trial court possessed the power to shorten plaintiff's response time for good reason, see Enourato v. N.J. Bldg. Auth., 182 N.J. Super. 58, 64-66 (App. Div. 1981), aff'd, 90 N.J. 396 (1982), no such reason appears on this record.

As we noted over thirty years ago, "[i]t is a mistaken exercise of judgment to close the courtroom doors to a litigant whose opposition papers are late but are in the court's hands before the return day for a motion which determines the meritorious outcome of a consequential lawsuit. 'Swift justice demands more than just swiftness.'" Tyler v. N.J. Auto. Full Ins. Underwriting Ass'n, 228 N.J. Super. 463, 468 (App. Div. 1988) (quoting Henderson v. Bannan, 256 F.2d 363, 390 (6th Cir. 1958) (Potter, J., dissenting)).

This is a matter consequential to these parties. They were obviously desirous of a decision on the merits, evidenced by defendant's counsel's consent

to adjourn the motion to a date permitting plaintiff his full period to respond. The error here was not one of plaintiff's making. The court mis-calendared this motion. Plaintiff had a right to rely on the Rules governing the filing and service of his opposition. The court misapplied its discretion in not adjourning the motion.

Judge Pressler addressed precisely the problems engendered by a court unreasonably refusing a litigant an opportunity to respond to a post-judgment motion in a family matter in Rubin v. Rubin, 188 N.J. Super. 155 (App. Div. 1982). We quote her words here, switching only the position of the parties:

> Had [plaintiff] been fairly dealt with by being given an opportunity to file answering papers . . . all that would have ensued would have been a two-week delay in the disposition of [defendant's] nonemergent motion. Instead, over a year has now passed without a final determination of [defendant's] application on the merits. The resources, financial and otherwise, of the parties, their attorneys and the court system as a whole have been needlessly expended in the meantime. It was thus obviously and inexcusably unproductive and uneconomical to all of the legitimate interests here involved, both personal and institutional, for an appeal to have had to be taken here to rectify so clear a denial of procedural due process, particularly in view of the rectification opportunity afforded to the trial judge by way of the motion for reconsideration.
>
> [Id. at 159-60.]

A-3384-17T2

Were we able to exercise our original jurisdiction to bring this matter to a fair conclusion for the litigants, we would do so. Unfortunately, the parties' factual disputes preclude that option. We thus reverse the March 2, 2018 order and remand to permit plaintiff the opportunity to oppose defendant's motion and the court to hear the parties' dispute on the merits. We do not retain jurisdiction.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION