**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1574-18T3

QUALITY AUTO EXCHANGE,
CORP., MINA L. ABAID, and
IBRAHIM E. ABAID,

     Plaintiffs-Respondents,

v.

ALBERTO ALMEIDA,

     Defendant-Appellant.

_____

          Submitted September 15, 2020 – Decided September 21, 2020

          Before Judges Fisher and Gilson.

          On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket Nos. L-3835-15 and L-0574-18.

          Alberto Almeida, appellant pro se.

          Lawrence B. Sachs, attorney for respondents.

PER CURIAM

Plaintiffs Quality Auto Exchange Corp., Mina L. Abaid, and Ibrahim E. Abaid commenced this Union County action against defendant Alberto Almeida claiming, among other things, that defendant failed to make repairs to the Ramsey premises that plaintiffs had agreed to lease from defendant for five years – starting in 2015, with a five-year option – during which plaintiffs intended to operate a car dealership. After a two-day bench trial, the trial judge made findings favorable to plaintiffs, dismissed defendant's counterclaim, as well as the transferred Bergen County tenancy action, which had been joined with this Union County case, and entered a $77,500 judgment against defendant.

Defendant appeals, challenging the rulings, findings, and orders that: (1) transferred his tenancy action to Union County[1]; (2) required him to go to trial without an attorney or interpreter; (3) rejected his argument that plaintiffs lacked standing to sue, a contention that seems based more on an argument that, in defendant's view, the judge misunderstood the obligations imposed by the lease, rather than an actually presenting a standing problem; (4) concluded that "[d]efendant never notified [p]laintiffs of property tax increases even though [p]laintiffs paid [the] town directly"; (5) determined that the "bulk" of

---

[1] The transfer was ordered by a Bergen judge. By way of subsequent motions decided by Union judges, defendant persisted in seeking to undo this determination. Defendant appeals all these orders.

A-1574-18T3

defendant's evidence "was inadmissible because it was based on hearsay statements"; and (6) enforced the lease agreement in a way that deprived him of the "benefit of his bargain." We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), beyond the following brief comments.

As for defendant's first point, we note that despite the leased property's location in Bergen County, plaintiffs commenced their action in Union County, where plaintiff Quality Auto maintained its principal place of business. That fact alone was sufficient to venue this matter in Union County and, indeed, defendants' argument largely focuses on what he claims was the inconvenience caused him and those witnesses located in Bergen County. In short, defendant argues that the determinations to keep the matters in Union County were erroneous because Bergen County constituted a more convenient forum. Such a determination rests in a judge's sound discretion. Civic S. Factors Corp. v. Bonat, 65 N.J. 329, 333 (1974). While it may be true that some witnesses resided in Bergen, that alone – when further considering the minimal distance between Bergen's courthouse in Hackensack and Union's courthouse in Elizabeth (approximately twenty-two miles) – was properly found to be insufficient here to warrant upsetting plaintiffs' choice of venue. We have been

A-1574-18T3

presented with no sound or principled reason to second-guess the repeated denials of defendant's requests to change venue.

Defendant, in his second point, argues that he was "forc[ed]" to go to trial without an attorney or interpreter.[2] We consider these contentions separately.

Because the action was commenced in 2015, we find no credence in defendant's claim that he could not secure counsel in time for the 2018 trial. In his appellate brief, defendant asserts that he was deprived of an attorney because one had retired, another became a judge, and two others gave – he claims – "improper legal advice." Not to be flippant, but there are more than four attorneys in New Jersey from whom defendant could have sought advice or representation. Moreover, defendant has not pointed us to anything in the record to suggest he ever sought an adjournment for that reason. To the contrary, he has alluded only to that part of the trial transcript in which the judge patiently explained to him the way in which the trial would proceed. During this discussion, defendant asserted that he was being "blamed" by the judge for not having an attorney, and he explained to the judge that he had chosen to proceed

---

[2] Defendant claims he was hampered at trial because English is his "second language," but his sixty-page pro se appellate brief reveals no impediment, since he has fully and more than adequately explained his arguments, with numerous citations to legal authorities, without a hint of a language barrier.

without an attorney because the attorneys he consulted did not share his view of the case.

Defendant, of course, had a right to represent himself at trial and he clearly expressed to the judge the reasons why. At no point in the transcript is it revealed or even suggested that the judge deprived defendant of his right to retain counsel nor did defendant ever argue or suggest to the court that he required more time to prepare in light of his unrepresented status. In short, there is no evidence that defendant was "forced" to go to trial without counsel.

We also reject the contention that the judge did not provide sufficient leniency in the application of the court rules and the rules of evidence because of defendant's unrepresented status. Again, the record reveals that the judge was quite patient with defendant and properly held that defendant remained obligated to comply with the court's rules and procedures regardless of his unrepresented status. See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014) (recognizing that courts must ensure a meaningful opportunity for unrepresented litigants to present their positions but the fact that litigants are unrepresented provides them no greater rights than represented parties); see also Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982).

And we find no merit in the second half of defendant's second point: that he was hampered by the absence of an interpreter. The trial transcript reveals the presence of an interpreter at all times. Indeed, the proceedings on the first trial day were delayed because an interpreter was not immediately available; the trial did not commence until the interpreter arrived. Defendant's argument is rebutted by the record.

Defendant's other arguments challenge the judge's factual findings and legal determinations about the lease's requirements and the parties' performances of their obligations, as well as the judge's determination about the admissibility of some of the evidence offered by defendant. We find no merit in those arguments. The judge's findings, based in large part on his view of the witnesses' credibility, command our deference. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974).

The judge's rulings on the admissibility of evidence are examined for an abuse of discretion. Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008). The record reveals that the judge was very lenient in admitting defendant's documentary evidence. In affording defendant leeway due to his unrepresented status, the judge admitted all defendant's exhibits into evidence subject only to the limitation that he would not consider any embedded inadmissible statements in

A-1574-18T3

ruling on the merits. The judge's refusal to rely on inadmissible hearsay was appropriate. And the judge's application of legal principles to the facts as he found them, although reviewed de novo, Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015), was sound. In fact, we affirm the judge's disposition of the merits of the parties' disputes substantially for the reasons set forth in the judge's thorough and well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1574-18T3