**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2491-19

ALAN DICKSTEIN,

    Plaintiff-Respondent,

v.

CATHERINE GOLFINOPOULOS,

    Defendant-Appellant.

_____

        Submitted October 25, 2021 – Decided December 16, 2021

        Before Judges Messano and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FD-02-0247-12.

        Catherine Golfinopoulos, appellant pro se.

        Bremer Buckner, LLC, attorneys for respondent (Joshua T. Buckner and Keri L. Greene, on the brief).

PER CURIAM

Defendant Catherine Golfinopoulos appeals from certain paragraphs of a January 23, 2020 non-dissolution order.  We affirm in part, and vacate and remand in part.

Plaintiff Alan Dickstein and defendant were never married but are the parents of a ten-year-old daughter, Ada.[1]  Throughout Ada's life, the parties have engaged in contentious motion practice regarding custody, parenting time and child support issues.  In August 2017, the parties entered into a consent order, wherein they designated a Parent Coordinator (PC) and agreed that

> [i]n the event of a dispute between the parties, the issue shall be submitted to [the PC] for resolution.  If either party does not accept the recommendation, that party shall have the right to submit the matter to court for resolution.  If the court agrees with [the PC's] recommendation, then the objecting party shall be obligated to pay [the PC's] fees and the other party's reasonable counsel fees associated with the issue presented.

Plaintiff moved before the court in August 2019, requesting that defendant be compelled to comply with the PC's recommendations that she:  attend individual therapy and provide the name of the therapist; bring Ada to the therapist recommended by the PC; take Ada to her athletic activities; reimburse

---

[1] We employ a pseudonym for the parties' daughter to protect her privacy.

plaintiff $79.79 for her share of Ada's expenses; and adhere to Ada's summer camp schedule. Plaintiff also requested an award of counsel fees and costs. Defendant cross-moved to modify the consent order to remove and replace the PC. On October 16, 2019, the judge entered an order partially addressing the parties' cross-applications. The judge directed the PC to continue in his role pending further order and that Ada was "to be taken to all her sporting events regardless of whose parenting time it is."

On November 1, 2019, the judge entered a supplemental order regarding the parties' remaining issues. He ordered defendant to engage in individual therapy and contact the PC "to make arrangements to become current on the fees that she owe[d] him." Additionally, the judge denied plaintiff's request for reimbursement of defendant's share of Ada's expenses, deeming the amount sought to be "de minimis." Further, the judge denied each party's request for a counsel fees award, finding both parties failed to submit a certification of services with their initial filings, contrary to the Rules of Court. Defendant does not appeal from either the October 16 or November 1 orders.

On December 3, 2019, defendant filed a motion for reconsideration, again seeking the removal of the existing PC, and newly alleging he made

inappropriate remarks toward her.[2]  Further, she asked that she be permitted to

enjoy vacation parenting time from December 26, 2019 through January 2, 2020,

and requested that plaintiff's attorney be prohibited from coaching Ada in

soccer.  Notably, she did not challenge the provision in the November 1 order

compelling her to participate in individual therapy.

On January 9, 2020, plaintiff filed a cross-motion seeking, in part:

enforcement of the November 1 order, requiring defendant to engage in

individual therapy; reimbursement for defendant's share of Ada's expenses

totaling $848.50; and make-up parenting time, due to defendant having taken

vacation time with Ada between December 26, 2019 and January 2, 2020, over

his objection and contrary to the PC's recommendations.[3]  Plaintiff also

---

[2] Defendant's December 3 motion was framed as seeking reconsideration of the November 1 order permitting the existing PC to continue in his role.  But it was the October 16 order that directed the PC to remain in his position, as noted by the judge in his November 1 order.  Thus, defendant's reconsideration motion appears to have been untimely filed.  See Rule 4:49-2 (Courts may reconsider final judgments or orders within twenty days of entry).  Nonetheless, when her motion was heard on January 16, 2020, the judge confirmed he would not "summarily dismiss the [motion] because it may have been filed a day or two out of time."

[3] In July 2018, the PC issued a recommendation that "going forward, vacation time shall, under no circumstances, be [three] weekends in a row.  Thus, vacation time shall either commence on the Friday of that person's weekend through the following Friday, or will commence on Monday after the other part[y]'s

requested an award of counsel fees and costs associated with his previous and current motions.

In anticipation of argument on January 16, 2020, defendant sent letters directly to the court, contending plaintiff's cross-motion papers were late and should not be considered. Plaintiff's attorney countered that because the parties' non-dissolution motions were "summary in nature" and defendant's prior application from 2019 had been considered without adhering to deadlines she now sought to impose, plaintiff's cross-motion should be considered. Further, plaintiff's attorney offered to accept a reply certification from defendant up to the day before argument.

When argument commenced on January 16, the judge noted defendant's "attorney had called the [c]ourt . . . this week and seemed to be surprised that [defendant] had been sending letters to the [c]ourt on [her] own." After confirming defendant was appearing pro se for the proceeding, the judge inquired, "other than what's in your paperwork, do you want to add anything for my consideration, ma'am?" At no time during oral argument did defendant seek

---

weekend, ending on the following Monday." In November 2019, the PC wrote to the parties, reiterating his recommendation from July 2018 and advising defendant's proposed vacation from December 26, 2019 to January 2, 2020 was "unacceptable." The PC issued a recommendation that defendant rearrange her planned vacation to start on December 30, 2019 and continue to January 6, 2020.

a postponement of the hearing, ask to file a reply certification, or raise the issue of timeliness regarding plaintiff's cross-motion.

The PC also appeared for argument and "categorically denied" defendant's accusations. He stated, "this is now I think the third time [defendant's] attempted to remove me." Although the PC expressed that "to bring someone else in at this time would be not in the child's best interest, because someone is going to have to get up to speed," the judge concluded that "through no fault . . . of the [PC], the defendant's perception of him has also become toxic . . . [a]nd it appears that she no longer has any trust [in] him." Thus, the judge relieved the existing PC from his duties and stated he would appoint a successor PC. The judge reserved decision on the parties' remaining requests and memorialized his rulings about the PC in a January 21, 2020 order. The January 21 order also directed defendant "to satisfy her share of any outstanding bill of [the relieved PC] within [forty-five] days, or as otherwise agreed between them."[4]

On January 23, 2020, the judge entered a supplemental order, addressing the balance of the parties' cross-applications, while also explaining the parties' PC was removed "not because [he] found that [the PC's] actions warranted his

---

[4] Defendant does not challenge the January 21 order.

removal, but rather because of the defendant's perceived lack of trust as to [the PC's] approach and capabilities." Further, the judge "ordered again that the defendant is to satisfy her outstanding portion of [the outgoing PC's] bill," having already stated in his November 1, 2019 decision that "whether or not the defendant agrees with or appreciates [the PC's] services is immaterial as to his being paid." Additionally, the judge reinforced his order that defendant was to engage in individual therapy, explaining:

> defendant does not have the option of deciding what provisions of orders she will follow. . . . I had entered an order on November 1, 2019 that the defendant was to engage in individual therapy . . . . Instead, as she explained on the record on January 16, 2020, the defendant consulted with a counselor who opined that the defendant did not meet the criteria for therapy. Therefore, the defendant did not proceed with therapy. But, that is not what was ordered.

Further, the judge denied defendant's request to prohibit plaintiff's attorney from coaching Ada in soccer, noting that plaintiff's attorney represented he did not coach Ada, "nor has he ever coached the parties' child." The judge stated that when he asked defendant at argument "if she had any proof, such as a roster, showing the attorney as her child's coach [,] [s]he did not provide a response. I found the allegations to be baseless."

Regarding plaintiff's cross-motion, the judge granted him "five additional overnights in 2020 to make up for the defendant's unapproved vacation" during the last week of 2019 and the first week of 2020, noting the vacation defendant enjoyed was "[a]s a result of the defendant's self-help." The judge also granted plaintiff's request for reimbursement in the sum of $848.50 "for various expenses," and directed defendant to satisfy this amount by March 1, 2020.[5] The judge did not explain why he granted this reimbursement over defendant's objection.

Lastly, the judge granted plaintiff a counsel fee award of $2,500, finding that "[a]lthough the parties' incomes were not before the court," the certification of services accompanying plaintiff's cross-motion "me[t] the standards and rules" required under Rules 4:42-9(b) and 5:3-5(c), as well as R.P.C. 1.5(a). He also determined that the hourly rate of plaintiff's counsel was "consistent with other [f]amily [l]aw attorneys practicing in this area, especially given [counsel's twenty-plus] years of experience." Further, the judge acknowledged he "incorrectly found" in his November 1 decision that the parties' attorneys failed to submit certifications of services with their prior motions. Thus, in reassessing

---

[5] The January 23 order inadvertently reflects at paragraph nine that defendant, rather than plaintiff, requested the $848.50 reimbursement.

his earlier decision, the judge determined plaintiff's counsel had requested over $11,000 in fees on the prior application and that he requested over $9,500 in fees on the most recent application. Additionally, the judge considered that defendant raised "new allegations" in her reconsideration motion which "are generally not the subject of a motion for reconsideration as per [Rule] 4:49-2," whereas plaintiff moved to "enforce the prior orders of the court and to grant relief to make up for the defendant's self-help." Accordingly, the judge found

> in the applications before the court and for the proceeding resulting in the November 1, 2019 order, the defendant took matters into her own hands, made unsupported accusations and violated provisions of prior orders . . . . There must be some repercussion for her proceeding in the fashion she has. Based upon the foregoing, the plaintiff is awarded $2,500.

On appeal, defendant presents the following arguments for our consideration:

### Point I

> The trial court abused its discretion by ordering [her] to pay the [p]laintiff's counsel fees without analyzing the factors set forth in Rule 5:3-5(c).

### Point II

> The trial court abused its discretion by ordering [her] to pay the [p]laintiff's counsel fees based on [her] alleged bad faith.

Point III

> The trial court abused its discretion by accepting and considering the [p]laintiff's out-of-time cross-motion papers and also by failing to allow [her] time to submit a reply to the cross-motion; therefore, the affirmative relief granted to the [p]laintiff on his cross-motion, namely, for counsel fees, reimbursement for expenses and "make-up" parenting time, should be vacated.

We are not persuaded.

Our review of a family court order is limited. See Cesare v. Cesare, 154 N.J. 394, 411 (1998). Generally, the family court's factual findings "are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). "Discretionary determinations, supported by the record, are examined to discern whether an abuse of reasoned discretion has occurred." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (citing Gac v. Gac, 186 N.J. 535, 547 (2006)). An abuse of discretion occurs when a trial court's decision "rested on an impermissible basis, considered irrelevant or inappropriate factors, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015) (internal quotation marks and citations omitted).

We review orders concerning custody, parenting time, and child support under an abuse of discretion standard. See e.g., Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007); Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012). The same standard of review is applicable to orders denying reconsideration. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Likewise, "[t]he assessment of counsel fees is discretionary." Slutsky v. Slutsky, 451 N.J. Super. 332, 365 (App. Div. 2017) (citations omitted). We will disturb a fee determination "only on the rarest of occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Governed by these standards, we are convinced the counsel fee arguments advanced in Points I and II lack merit. Generally, Rule 5:3-5(c) governs the award of counsel fees in family actions.[6] But, an award of counsel fees may be

---

[6] The Rule directs a court determining an award of counsel fees to consider

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results

appropriate when one party acts in bad faith, regardless of the parties' economic circumstances. See Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000) (quoting Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)) ("'[W]here one party acts in bad faith, the relative economic position of the parties has little relevance' because the purpose of the award is to protect the innocent party from unnecessary costs and to punish the guilty party."); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.3.3 on R. 5:3-5 (2022) ("An award of attorney's fees to the adverse party is appropriate if the court finds the proceedings to have been frivolous and instituted for the purpose of harassment as well as abuse of the judicial system."). Bad faith may consist of a party's "constant disregard" of court orders, Yueh, 329 N.J. Super. at 460, as well as "misusing or abusing process . . . intentionally misrepresenting facts or law, or otherwise engaging in vexatious acts for oppressive reasons," Slutsky, 451 N.J. Super. at 367 (citing Borzillo v. Borzillo, 259 N.J. Super. 286, 293-94 (Ch. Div. 1992)).

---

obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

Here, the judge found defendant "took matters into her own hands, made unsupported accusations and violated provisions of prior orders" (including his November 1 order). These findings are amply supported by the record. Thus, we perceive no basis to disturb the reasonable counsel fees award granted to plaintiff.

Moreover, as we have previously observed, a trial court's failure to give effect to a provision in an agreement regarding counsel fees constitutes an abuse of discretion. Strahan v. Strahan, 402 N.J. Super. 298, 317 (2008). Here, the parties specifically agreed in their August 1, 2017 consent order that if they submitted a dispute to their PC for a recommendation, and the court subsequently agreed with the PC's recommendation, the prevailing party was entitled to "reasonable counsel fees associated with the issue presented." Therefore, the fact that plaintiff successfully argued defendant failed to abide by the PC's recommendations that she engage in individual therapy and refrain from taking unapproved vacation days with Ada from the end of December 2019 to the beginning of January 2020 further supports the counsel fees award.

Regarding Point III, defendant advances a procedural argument that the trial court erred by considering plaintiff's purportedly late cross-motion. Again, we are not convinced.

Preliminarily, we note the judge did not address whether plaintiff's cross-motion was untimely, but again, defendant did not formally address this issue when she appeared for argument on January 16. We need not dwell on this point, given that a trial judge is vested with the discretion to consider late filings, and that "discretion should be exercised to increase, not limit, the likelihood that the information before the court reflects the facts that could be adduced" at a hearing. Sholtis v. Am. Cyanamid Co., 238 N.J. Super. 8, 17 (App. Div. 1989). Moreover, "[i]t is a mistaken exercise of judgment to close the courtroom doors to a litigant whose opposition papers are late but are in the court's hands before the return day for a motion which determines the meritorious outcome of a consequential lawsuit." Tyler v. N.J. Auto. Full Ins., 228 N.J. Super. 463, 468 (App. Div. 1988); see also Rubin v. Rubin, 188 N.J. Super. 155, 158 (App. Div. 1982) (concluding that the court should have permitted a late filing "to accord defendant a right to be heard, either orally or by filed papers, in opposition to plaintiff's original motion").

Also, to the extent possible, a trial court should allow the parties "an opportunity to address their matters" and resolve all related issues in a single hearing. See Mitchell v. Oksienik, 380 N.J. Super. 119, 131 (App. Div. 2005) ("As a matter of judicial economy, all issues between the parties should

be resolved in the matter at hand . . . as long as actual notice is provided as to the specific relief sought."). Accordingly, we disagree that the judge erred in considering plaintiff's cross-motion. Of note is that defendant also benefited from the judge's exercise of discretion when he accepted and considered her belated reconsideration motion, explaining that despite "some time elements, I'm not going to just summarily dismiss the matter because it may have been filed a day or two out of time."

Additionally, our review of the record suggests the judge likely would have granted defendant additional time to file a reply certification if she pursued such a request when she appeared for oral argument on January 16. We reach this conclusion because the judge specifically asked her when argument began if she wanted "to add anything for [the court's] consideration." Rather than address the timeliness of plaintiff's cross-motion or seek an adjournment to afford herself additional time to submit a reply certification, defendant discussed the arguments raised in each party's motion.

Finally, notwithstanding our determinations, we are constrained to vacate that portion of the January 23 order compelling defendant to reimburse plaintiff in the sum of $848.50 for various expenses he incurred on Ada's behalf. That is because the trial court failed to explain the basis for this award. See Rule 1:7-4

15

(requiring courts to "find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right"). The omission of critical factual findings supporting the award, particularly given defendant's broad challenge to it, impedes our review and requires a remand on this issue. We hasten to add that the transcript from the January 16 argument suggests the parties previously agreed to share equally in Ada's unreimbursed health and extracurricular activity expenses. Thus, on remand, the judge should consider the parties' prior submissions, but also has the discretion to order the parties to supplement their proofs to assist the court in resolving this dispute.

To the extent we have not addressed any remaining arguments raised by defendant, we are satisfied they lack sufficient merit to warrant discussion in our opinion. R. 2:11-3(e)(1)(E).

Affirmed in part and vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2491-19