**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3732-23

KEVIN KIRK,

    Plaintiff-Appellant,

v.

NATIONAL INSTITUTE FOR
PEOPLE WITH DISABILITIES
OF NEW JERSEY,

    Defendant-Respondent.

_____

Argued September 10, 2025 – Decided September 24, 2025

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6279-22.

Kevin Kirk, appellant, argued the cause pro se.

Martin W. Aron argued the cause for respondent (Jackson Lewis, PC, attorneys; Martin W. Aron, of counsel and on the brief; Kea S. Noyan, on the brief).

PER CURIAM

Plaintiff Kevin Kirk appeals from a July 24, 2024 order granting summary judgment to defendant National Institute for People With Disabilities of New Jersey (National Institute) and dismissing his complaint with prejudice. We affirm.

We recite the facts from the motion record. In 2019, plaintiff began working at a residential group home operated by National Institute. The group home served individuals with intellectual and developmental disabilities.

In 2020, at the start of the COVID-19 pandemic, National Institute implemented a mandatory masking policy for all employees interacting with group home residents "for the health and safety of residents and staff." Plaintiff, who underwent training on the use of masks to protect against the spread of COVID-19, signed a written acknowledgment regarding National Institute's mandatory mask policy.

During the pandemic, plaintiff's co-worker filed an internal complaint, reporting plaintiff's failure to wear a mask at work while interacting with fellow employees and group home residents in violation of the mask policy. National Institute's executive director investigated the allegations regarding plaintiff's noncompliance with its mask policy.

2

The investigation revealed additional reports of plaintiff's failure to wear a mask while at work. When plaintiff's co-workers attempted to address plaintiff's noncompliance with the corporate mask wearing policy, they reported plaintiff ignored them.

Plaintiff was interviewed as part of National Institute's investigation into his failure to wear a mask. He reported wearing a mask whenever he provided direct care to residents. Further, he did not recall any co-workers discussing his not wearing a mask.

At the conclusion of the investigation, National Institute determined the allegations against plaintiff for failing to wear a mask when interacting with group home residents and staff employees "were substantiated." Based on the results of the investigation, effective January 21, 2021, National Institute terminated plaintiff's employment for violating its health and safety protocols.

Plaintiff filed a complaint against National Institute alleging employment discrimination under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -50. Plaintiff, who is black, alleged National Institute discriminated against him based on his race and sexual orientation. He further contended National Institute retaliated against him, wrongfully terminated his employment, and intentionally caused him to suffer emotional distress.

A-3732-23

National Institute filed an answer. Thereafter, the parties conducted discovery, including plaintiff's deposition. During his deposition, plaintiff declined to provide specific examples supporting his allegations against National Institute. Rather, plaintiff testified he would not "go into depth" other than saying "neglectful behavior" and elected "to wait for a jury" for the "shock value" to support his claims.

National Institute moved for summary judgment. The motion included a statement of material facts with appropriate citations to the record and certifications from National Institute's executive director and quality resource manager.

In opposition to the summary judgment motion, plaintiff offered two unsworn handwritten letters authored by "L. Edwards." Plaintiff asserted the letters supported his claims against National Institute.

The judge heard oral argument on National Institute's summary judgment motion. After listening to plaintiff's arguments in opposition to the motion, the judge advised plaintiff there was no sworn deposition testimony supporting the allegations. Moreover, the judge remarked he lacked "a conforming certification . . . under Rule 1:6-6 that would attach [to] any document, or transcript[,] or certification from an individual" or "a response to the statement

4

of material facts that would be correlated to a record to substantiate th[e] allegation[s]."

Regarding plaintiff's reliance on the unsworn letters submitted in opposition to the motion, the judge stated those letters lacked a certification or affidavit required under the Court Rules. In rejecting the letters, the judge said: "In order to have a qualifying certification and affidavit[,] it has to be sworn and attested to by the affiant, meaning the person who provided the statement. I can't accept it unless it's certified" by "[s]omebody who is subjected to the laws for perjury."

Upon receipt of plaintiff's nonconforming opposition to the summary judgment motion, the judge's chambers provided plaintiff with the relevant Court Rules, governing opposition to summary judgment, and the judge specifically granted plaintiff leave "to provide a conforming opposition to the motion for summary judgment." Despite the opportunity to file conforming opposition, including responses to National Institute's statement of material facts, plaintiff claimed he "did not know how to respond" and asserted he would rely on the unsworn letter writer's testimony at trial.

The judge noted plaintiff had the right to represent himself but that plaintiff remained obligated to follow the Court Rules. The judge cited <u>Rubin</u>

A-3732-23

v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982), and other cases, explaining "pro se litigants are not entitled to greater rights than litigants who are presented by counsel. It is fundamental that the court system protect the procedural rights of all litigants and to accord procedural due process to all litigants." Specifically, the judge stated:

> [W]hen you choose . . . to represent yourself, it is not an excuse . . . that you didn't know what you had to do to oppose the motion for summary judgment. You are responsible for reading the rule. Comprehending the rule. And if you didn't understand the rule, we have ombudsmen in the courthouse to assist you. But it is not an excuse on the return date of a motion for summary judgment to come in before the [c]ourt and stat[e] to the [c]ourt that you didn't know what to do to oppose the motion.

In response to the judge's statement, and acknowledging the letters submitted in opposition to summary judgment "weren't . . . under any oath," plaintiff renewed his request for the judge to consider the unsworn letters. Plaintiff argued the issue with the unsworn letters could "be rectified if [he] d[id] go to some kind of trial."

In granting summary judgment to National Institute, the judge cited plaintiff's nonconforming opposition to the motion and issuance of a deficiency notice giving plaintiff additional time "to file a conforming opposition" before deciding the motion. The judge stated plaintiff filed a second nonconforming

6

opposition despite receipt of the applicable Court Rules governing opposition to the motion for summary judgment. The judge concluded:

> [P]laintiff did not provide the [c]ourt with a responding statement to defendant's statement of material facts which was quite extensive in this case. Moreover, [National Institute]'s statement of material facts included citations to the record, thus conforming with Rule 4:46-2(b) and Rule 4:46-5(a). In light of . . . plaintiff's failure to provide a response to the statement of material facts, all facts therein are deemed admitted.
>
> Thus, pursuant to Rule 4:46 and Brill v. Guardian Life Insurance Company, 142 N.J. 520, . . . (1995), there are no genuine issues of material fact challenged. Therefore, [National Institute] is entitled to a judgment or an order as a matter of law as no conforming opposition was filed by plaintiff.

On appeal, plaintiff argues the judge erred in granting summary judgment "based on a misrepresentation of facts, improper handling of witness testimony, and disregard for admissible evidence." Specifically, plaintiff asserts the judge impermissibly allowed National Institute to rely on hearsay statements but rejected as hearsay the submission of two unsworn letter statements from his witness. Additionally, plaintiff contends the judge failed to provide sufficient findings of facts that National Institute was entitled to summary judgment as a matter of law.

7

We review a trial judge's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022).

Rule 4:46-2(c) provides a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540.

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

"Summary judgment should be granted, . . . 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman, 242 N.J. at 472 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

Here, plaintiff failed to provide adequate citations to the record in opposing National Institute's motion for summary judgment. Plaintiffs bear "responsibility to refer [the court] to specific parts of the record to support their argument. They may not discharge that duty by inviting [the court] to search through the record." Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474-75 (App. Div. 2008) (deeming it "improper" to ask the court "to scour sixty-one pages of [the] plaintiffs' appendix, as well as computer disks without informing [it] of what particular pages supposedly support their argument").

In omitting citations to competent evidential materials in the record, plaintiff failed to demonstrate a genuine factual dispute regarding his claims. Thus, we are satisfied the judge properly granted summary judgment to National Institute based on plaintiff's failure to provide opposition to the motion in accordance with the Court Rules. Plaintiff was provided a copy of the applicable

A-3732-23

Court Rules governing opposition to summary judgment and additional time to submit conforming opposition papers. However, plaintiff did not do so.

Even if we considered the merits of plaintiff's amorphously stated arguments, his claims are unable to survive summary judgment.

We defer to a trial court's evidentiary ruling absent an abuse of discretion. See Invs. Bank v. Torres, 243 N.J. 25, 48 (2020). Appellate courts review the trial court's evidentiary ruling "'under the abuse of discretion standard because, from its genesis, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion.'" State v. Prall, 231 N.J. 567, 580 (2018) (quoting Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010)).

"When a trial court admits or excludes evidence, its determination is 'entitled to deference absent a showing of an abuse of discretion, i.e., [that] there has been a clear error of judgment.'" Rowe v. Bell & Gossett Co., 239 N.J. 531, 551 (2019) (alteration in original) (quoting Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016)). Accordingly, we "will reverse an evidentiary ruling only if it 'was so wide [of] the mark that a manifest denial of justice resulted.'" Id. at 551-52 (alteration in original) (quoting Griffin, 225 N.J. at 413).

Plaintiff mistakenly asserts statements by National Institute's employees contained in the internal investigation report constituted impermissible hearsay under N.J.R.E. 802. Plaintiff contends the judge considered the improper hearsay statements and summary judgment should be reversed. We disagree.

N.J.R.E. 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Under N.J.R.E. 802, "[h]earsay is not admissible except as provided by the rules or by other law."

The New Jersey Supreme Court has held "within the usual limits that govern the admissibility of evidence as a whole, an investigative report concerning an employee is admissible as non-hearsay statements whenever the employer's motivations are directly at issue." Carmona v. Resorts Int'l Hotel, 189 N.J. 354, 376 (2007). "[W]here statements are offered not for the truthfulness of their contents, but only to show that they were in fact made and that the listener took certain action as a result thereof, the statements are not inadmissible hearsay." El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 164 (App. Div. 2005) (internal quotation marks omitted).

Plaintiff's NJLAD claims implicate National Institutes motives, so an investigative report containing statements upon which it relied in terminating a plaintiff's employment are relevant and admissible for non-hearsay purposes. See Carmona, 189 N.J. at 377. Such reports, regardless of the truthfulness of the underlying complaints, bears on whether an employer "acted reasonably in light of that information." El-Sioufi, 382 N.J. Super. at 165. Therefore, the statements made by National Institute employees contained in the investigative report are not hearsay.

Nor did the judge abuse his discretion in rejecting plaintiff's unsworn letters in opposition to National Institute's motion for summary judgment.

Plaintiff relies on the 2024-2025 New Jersey Senate Joint Resolution (S.J.R.) 32 in arguing the judge should have admitted the two unsworn and undated letters into evidence. Plaintiff's reliance on this resolution is misplaced. S.J.R. 32 is a proposed legislative amendment to N.J.R.E. 803(c) introduced in the Senate on January 9, 2024. The resolution has yet to be signed into law and remains pending before the Senate Judiciary Committee as a proposed amendment to N.J.R.E. 803(c). Pending legislation is not legally binding on the courts. See Pickett v. Lloyds, 252 N.J. Super. 477, 489 (App. Div. 1991).

Nor is N.J.R.E. 803(a) applicable as an exception to the hearsay rule in support of the admission of plaintiff's unsworn letters. The Rule provides an exception from the hearsay exclusion when "[t]he declarant-witness testifies and is subject to cross-examination about a prior otherwise admissible statement, and the statement . . . is inconsistent with the declarant-witness' testimony at trial or hearing." Because the statements by fellow employees in National Institute's investigative report were not prior inconsistent statements of testifying witnesses, N.J.R.E. 803(a) was inapplicable and the judge did not abuse his discretion in rejecting the letters in opposition to summary judgment.

We also reject plaintiff's argument that there were genuine and material disputed facts precluding the entry of summary judgment. As set forth above, plaintiff failed to file a conforming opposition to the motion for summary judgment. He provided no response to the statement of material facts and cited no sworn testimony by way of deposition, certification, or affidavit to contradict those facts.

Rather, plaintiff declined to provide evidence rebutting National Institute's facts because doing so would "reveal [his] argument" and "strategy to win" at trial. In the absence of plaintiff providing any competent and admissible evidence to rebut National Institute's facts supporting summary judgment, the

13

judge properly accepted those uncontested facts consistent with <u>Rule</u> 4:46-2 in granting the motion.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division